HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
Michael A. Yee (CA Bar Assn. No. 258811)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for
SUSAN K. SMITH,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>LUCY G. WHITTIER,<br><br>Debtor. | Case No. 08-31231-A-7<br>DC No.: HSM-020<br>Date: April 26, 2010<br>Time: 9:00 a.m.<br>Place: 501 I Street, 7th Flr.<br>Sacramento, CA<br>Dept. A, Ctrm. 28<br>Judge: Michael S. McManus |

### TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF ESTATE ASSETS FREE AND CLEAR OF LIENS

SUSAN K. SMITH, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of LUCY G. WHITTIER ("Debtor"), Case No. 08-31231-A-7, files this Trustee's Motion for Order Authorizing Sale of Estate Assets Free and Clear of Liens (the "Motion"), and in support thereof represents as follows:

1. This case was commenced as a voluntary Chapter 11 case on August 12, 2008. Pre-petition, the Debtor operated a business involving the breeding, raising and selling of Arabian horses. The Debtor continued to operate her business as Debtor-in-Possession while the case was initially pending in Chapter 11.

2. The case then was converted from a Chapter 11 case to one under Chapter 7 by order dated February 24, 2009. Thomas A. Aceituno ("Aceituno") was appointed Chapter 7 Trustee on February 25, 2009.

3. However, the case was reconverted to one under Chapter 11, and Aceituno removed as Trustee, by order dated March 24, 2009.

4. Subsequently, the Trustee was appointed Chapter 11 Trustee in this case, effective March 25, 2009, by order dated March 27, 2009.

5. The case was reconverted to one under Chapter 7 at the hearing held on June 22, 2009. The order converting this case was filed by the court on June 23, 2009, and the Trustee was appointed as the Chapter 7 Trustee on June 26, 2009.

6. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. sections 157 and 1334; 11 U.S.C. section 363; Federal Rule of Bankruptcy Procedure 6004; and the reference to this court by the District Court for the Eastern District of California.

7. On July 31, 2009, the Trustee filed an Application for Order Authorizing Trustee to Employ Arabian Horse Consultant and First Interim Application for Compensation and Reimbursement of Expenses to Arabian Horse Consultant (the "Consultant Application"), so that Greg Gallun ("Gallun"), an experienced Arabian horse trainer, could assist the Trustee in the marketing and sale of certain Arabian horses belonging to the estate. On August 31, 2009, the court entered an order approving the Consultant Application. Further, on August 6, 2009, the Trustee filed an Application for Order Authorizing Trustee to Employ Arabian Horse Sales Agent (the "Sales Agent Application"), so that Gallun Farms, Inc. ("Gallun Farms") could assist the Trustee with the sales of certain Arabian horses belonging to the estate. On August 8, 2009, the court entered an order approving the Sales Agent Application.[1] Subsequently, on March 29, 2010, the Trustee and Gallun Farms entered into a written addendum to the Sales Agent Application (the "Addendum"), which added the Mares (described in paragraph 8 below) to the list of horses to be covered under the Sales Agent Application.

8. Pre-petition, the Debtor transferred two (2) mares, named Bey Shahs Lady and Genevieve C (collectively the "Mares"), to Jennifer Miller ("Miller"), the daughter of the Debtor.

---

[1] The Trustee respectfully requests that the court take judicial notice of the Consultant Application and order thereon (Docket #s 162 and 225, respectively), and the Sales Agent Application and order thereon (Docket #s 179 and 186, respectively).

K:\Smith, Susan K\Whittier, Lucy G (6635-0014)\pldg mtn sale prop (mares hsm 020) mtn.wpd

Miller paid the Debtor the sum total of twenty thousand dollars ($20,000.00) for the Mares, ten thousand dollars ($10,000.00) for each mare.

9. Set for hearing on April 26, 2010 is the Trustee's motion for an order authorizing her to compromise controversies related to alleged fraudulent transfers made by the Debtor pre-petition, and an unauthorized loan and transfer post-petition, and to enter into and perform under a settlement reached with the transferee. Provided the compromise motion is granted, the Trustee will be in a position to transfer title to the Mares to Murray Popplewell ("Buyer"), or one or more other buyers approved by this court.

10. Long before the filing of this Motion, Gallun Farms had advised the Trustee that Buyer would likely be willing to purchase the Mares if the estate ever gained legal title to the Mares. Subsequently, the Buyer approached the Debtor about the availability of the Mares. Thereafter, the Debtor informed the Trustee of the Buyer's offer for the Mares. The Trustee then contacted Buyer regarding his offer to purchase the Mares.

11. The Trustee and Buyer have verbally agreed to the terms and conditions for the purchase and sale of the Mares (the "Purchase Agreement"). The parties anticipate entering into written Horse Bills of Sale in connection with the consummation of the sales. The material terms of the Purchase Agreement are as follows:

    a. Provided Buyer is the successful buyer of Bey Shahs Lady at the conclusion of the hearing on this Motion, Buyer will pay the estate the sum of $50,000.00 for Bey Shahs Lady ("Bey Purchase Price") and, should Buyer be the successful buyer of Genevieve C at the conclusion of the hearing on this Motion, Buyer will pay the estate the sum of $30,000.00 for Genevieve C ("Genevieve Purchase Price"). Said payment(s) shall be made no later 5:00 p.m. PDT April 28, 2010, by cashier's check or money order made payable to "Susan K. Smith, Chapter 7 Trustee of the Lucy G. Whittier, Bankruptcy Estate," or by wire transfer through arrangements with the Trustee;

    b. The Trustee, on behalf of the estate, will sell to Buyer all of the estate's interest in Bey Shahs Lady and Genevieve C , free and clear of liens, as set forth in greater detail below;

c. Buyer shall deliver to the Trustee two non-refundable deposits (the "Bey Deposit" and the "Genevieve Deposit," and collectively the "Non-Refundable Deposits"), in the amounts of ten percent (10%) of the Bey Purchase Price and ten percent (10%) of the Genevieve Purchase Price, receipt of which is acknowledged by the Trustee. Should the Buyer, as the successful buyer of one or both of the Mares, or other successful overbidder who has provided the required Non-Refundable Deposit(s) to the Trustee as set forth in this Motion, fail to consummate the sale(s) or otherwise breach his, her or its obligations and/or covenants to the Trustee / estate, the Non-Refundable Deposits shall be nonrefundable.

d. The Trustee, on behalf of the estate, will cause this Motion and all papers related thereto to be filed and served and request that the Court hear this Motion on April 26, 2010;

e. The sales of both Bey Shahs Lady and Genevieve C will be on an "as is," "where is," basis, with no representations or warranties, express or implied, with respect to such Mares;

f. The sales of Bey Shahs Lady and Genevieve C are subject to overbidding. The Trustee proposes that the initial overbid for Bey Shahs Lady be $50,500.00 and that the initial overbid for Genevieve C be $30,500.00, with subsequent overbids, if any, in increments of $500.00;

g. The Bey Deposit shall be returned to Buyer if this Motion is denied, or if Buyer is not the highest bidder on Bey Shahs Lady at the hearing. Similarly, the Genevieve Deposit shall be returned to Buyer if this Motion is denied, or if Buyer is not the highest bidder on Genevieve C at the hearing on the Motion;

h. If there is no overbidding for Bey Shahs Lady and Genevieve C at the hearing on this Motion, or if Buyer is the highest bidder on Bey Shahs Lady and Genevieve C at the hearing on the Motion, or if the highest bidder for Bey Shahs Lady and Genevieve C at the hearing on this Motion fails to pay for Bey Shahs Lady or Genevieve C by the deadline set forth in paragraph 13 below, and Buyer wishes to proceed to purchase Bey Shahs Lady and Genevieve C, the Non-Refundable Deposit(s) shall be applied to the Purchase Price or the

highest price bid by Buyer at the hearing on the Motion, whichever is greater; and,

   i. The proposed sale of Bey Shahs Lady and Genevieve C and the Purchase Agreement are subject to bankruptcy court approval through the granting of this Motion.

  12. The Trustee is informed and believes that the United States Internal Revenue Service (the "Service") has a perfected lien on the Mares, securing a pre-petition tax obligation of approximately $800,000.00. The Trustee is informed and believes that the Service has the only security interest in the Mares. The Trustee anticipates obtaining the consent of the Service to the sale of the Mares free and clear of its lien, with its lien attaching to the proceeds of the sale in the same priority and to the same extent and validity as the Service's lien existed pre-petition (subject to the Service's ongoing agreement for a "carve-out" of the allowed administrative expenses of the Trustee and her professionals). Therefore, the Mares should be sold pursuant to this Motion free and clear of the Service's lien pursuant to 11 U.S.C. § 363(f)(2).

  13. The Trustee proposes that any persons or entities wishing to bid on the Mares be required to first become a qualified overbidder ("Qualified Overbidder") in the manner set forth below, prior to the commencement of the hearing on the Motion. Any person or entity wishing to become a Qualified Overbidder must deliver to the Trustee a non-refundable deposit in the amount of $5,050.00 for Bey Shahs Lady and $3,050.00 for Genevieve C (ten percent (10%) of the purchase price for each mare plus the initial overbid increment) (the "Overbidder Deposit"), in the form of a cashier's check or money order made payable to Susan K. Smith, Chapter 7 Trustee of the Lucy G. Whittier, Bankruptcy Estate." If Buyer is the high bidder, he shall pay his high bid for the estate's interest in one or both of the Mares. In the event that a third party outbids Buyer for one or both of the Mares, and is the court-approved buyer for one or both Mares, and the Trustee receives full payment for same by 5:00 p.m. PDT on April 28, 2010, or at such other time as the court may provide, the Purchase Agreement with Buyer shall be of no further effect. The third party high bidder(s) must purchase the Mares on the identical terms as set forth in the Purchase Agreement, subject to any modifications ordered by the court. If full payment from the high bidder(s) is not timely received, and Buyer elects to be

approved as a backup buyer, Buyer shall be obligated to pay his highest bid for one or both of the Mares. If the highest bidder for each of the Mares fails to perform according to the above terms, the Trustee will be authorized to accept the next highest bidder, and so forth, who will similarly be required to pay the Trustee by cashier's check, money order, or wire transfer to the estate's bank account within forty-eight (48) hours of the notification.

14. Highest bidders at the hearing on the Motion will be required to transport the Mares, at their own expense, from the Las Colinas ranch, within seven (7) days after payment of all applicable sums.

15. Pursuant to the Sales Agent Application, Gallun Farms is entitled, subject to this court's approval, to compensation of twenty percent (20%) of the gross sale price of each of the Mares. In the event that a third party outbids Buyer for one or both of the Mares, Gallun Farms' commission totaling twenty percent (20%) of the gross sale price of each of the Mares, shall be divided equally between Gallun Farms and the sales agent(s), if there are any, who represent(s) the third party high bidder(s). The Trustee requests that the court approve and authorize the payment of commissions, in accordance with this Motion and the court's order thereon, following the Trustee's receipt of the sales proceeds from Buyer or such other buyers as may be approved by the court.

16. The overbidding aspect of the hearing is designed to ensure that parties interested in paying more for the Mares are given an opportunity to do so. Under the circumstances, the Trustee submits that the sale of the Mares on the terms outlined in this Motion is in the best interests of the estate and its creditors.

17. Finally, given the prompt closings of the sale(s) of the Mares proposed in the Motion, and since it is in the best interests of the estate and its creditors for the proposed sale(s) to be consummated as quickly as possible, the Trustee requests that the 14-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure be waived.

**WHEREFORE,** the Trustee, respectfully requests the Court enter an order authorizing the sale of the Mares: 1) pursuant to the terms of the Purchase Agreement, or as otherwise ordered by the Court, subject to the above-described overbidding procedures, free and clear

6

K:\Smith, Susan K\Whittier, Lucy G (6635-0014)\pldg mtn sale prop (mares hsm 020) mtn.wpd

1  of liens, with liens of secured creditors attaching to the proceeds of sale; 2) on an "as is,"
2  "where is," basis, with no representations or warranties, express or implied; 3) with the Trustee
3  authorized to pay agent(s) compensation as prayed for herein; 4) with a waiver of the 14-day
4  stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; 5) with the
5  Trustee retaining as funds of the estate all net sale proceeds for subsequent distribution in
6  accordance with the Bankruptcy Code and orders of the court; and 6) authorizing the Trustee
7  to take such further actions and execute such documents as are necessary to consummate
8  the proposed sale.

Dated: April 5, 2010

HEFNER, STARK & MAROIS, LLP

By /s/ Howard S. Nevins
Howard S. Nevins, Attorneys for
SUSAN K. SMITH, Chapter 7 Trustee