**HEFNER, STARK & MAROIS, LLP**
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
Michael A. Yee (CA Bar Assn. No. 258811)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for
SUSAN K. SMITH,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>LUCY G. WHITTIER,<br><br>Debtor. | Case No.    08-31231-A-7<br>DC No.:      HSM-027<br>Date:        October 4, 2010<br>Time:        9:00 a.m.<br>Place:       501 I Street, 7th Flr.<br>             Sacramento, CA<br>             Dept. A, Ctrm. 28<br>Judge:       Michael S. McManus |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF ESTATE ASSETS (BRONZE SCULPTURES) FREE AND CLEAR OF LIENS**

SUSAN K. SMITH, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of LUCY G. WHITTIER ("Debtor"), Case No. 08-31231-A-7, files this Trustee's Motion for Order Authorizing Sale of Estate Assets (Bronze Sculptures) Free and Clear of Liens (the "Motion"), and in support thereof represents as follows:

1.   This case was commenced as a voluntary Chapter 11 case on August 12, 2008. Pre-petition, the Debtor operated a business involving the breeding, raising and selling of Arabian horses. The Debtor continued to operate her business as Debtor-in-Possession while the case was initially pending in Chapter 11.

2.   The case then was converted from a Chapter 11 case to one under Chapter 7 by order dated February 24, 2009. Thomas A. Aceituno ("Aceituno") was appointed Chapter 7

Trustee on February 25, 2009.

3. However, the case was reconverted to one under Chapter 11, and Aceituno removed as Trustee, by order dated March 24, 2009.

4. Subsequently, the Trustee was appointed Chapter 11 Trustee in this case, effective March 25, 2009, by order dated March 27, 2009.

5. The case was reconverted to one under Chapter 7 at the hearing held on June 22, 2009. The order converting this case was filed by the court on June 23, 2009, and the Trustee was appointed as the Chapter 7 Trustee on June 26, 2009.

6. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. sections 157 and 1334; 11 U.S.C. section 363; Federal Rule of Bankruptcy Procedure 6004; and the reference to this court by the District Court for the Eastern District of California.

7. Pursuant to Amendments to Schedules B and C filed by the Debtor on August 19, 2010, the Debtor claimed that certain bronze sculptures, twelve (12) in number (the "Assets"), have an aggregate value of $13,200. The Debtor claimed as exempt the total amount of $2,520 therein. That leaves non-exempt value in the Assets in the amount of $10,680.00. Copies of photos of the Assets, six by artist Robert Larum, three by Rick Augustine, and three by unknown artists, are collectively attached as Exhibit "A" to the Exhibits Cover Sheet filed herewith.

8. Over many months prior to August 30, 2010, the Trustee engaged in various efforts to sell the Assets, all to no avail. The Trustee contacted one of the artists, the Debtor, acquaintances of the Debtor, others in the Arabian horse community, creditor Michael Carroll and performed various internet searches in her efforts to sell the Assets.

9. On August 30, 2010, the Trustee accepted an offer from Jennifer Miller ("Miller"), the Debtor's daughter, to purchase from the estate the Debtor's non-exempt value in the Assets for the sum of $10,600.00.

10. The Trustee is in receipt of the $10,600.00 from Miller, which funds the Trustee will hold pending the court's hearing and determination on this Motion.

///

11. The sale of the Assets will be on an "as is," "where is," basis, with no representations or warranties, express or implied.

12. The sale of the Assets is subject to overbidding. The Trustee proposes that the initial overbid for the Assets be $11,000.00 with subsequent overbids, if any, in increments of $500.00.

13. The proposed sale of the Assets is subject to bankruptcy court approval through the granting of this Motion.

14. The Trustee is informed and believes that the United States Internal Revenue Service (the "Service") has a perfected lien on the Assets, securing a pre-petition tax obligation of approximately $800,000.00. The Trustee is informed and believes that the Service has the only security interest in the Assets. The Trustee anticipates obtaining the consent of the Service to the sale of the Assets free and clear of its lien, with its lien attaching to the proceeds of the sale in the same priority and to the same extent and validity as the Service's lien existed pre-petition (subject to the Service's ongoing agreement for a "carve-out" of the allowed administrative expenses of the Trustee and her professionals). Therefore, the Assets should be sold pursuant to this Motion free and clear of the Service's lien pursuant to 11 U.S.C. § 363(f)(2).

15. The Trustee proposes that any persons or entities wishing to bid on the Assets be required to first become a qualified overbidder ("Qualified Overbidder") in the manner set forth below, prior to the commencement of the hearing on the Motion. Any person or entity wishing to become a Qualified Overbidder must deliver to the Trustee a non-refundable deposit in the amount of $11,000.00 (the "Overbidder Deposit"), in the form of a cashier's check or money order made payable to Susan K. Smith, Chapter 7 Trustee of the Lucy G. Whittier, Bankruptcy Estate." If Miller is the high bidder, she shall pay her high bid for the estate's interest in the Assets. In the event that a third party outbids Miller for the Assets, and is the court-approved buyer, and the Trustee receives full payment for same by 5:00 p.m. PDT two (2) business days following the conclusion of the hearing on the Motion, or at such other time as the court may provide, the agreement with Miller shall be of no further effect. The third

HEFNER, STARK & MAROIS, LLP
Sacramento, California

party high bidder(s) must purchase the Assets on the identical terms as set forth in this Motion, subject to any modifications ordered by the court. If full payment from the high bidder(s) is not timely received, and Miller elects to be approved as a backup buyer, Miller shall be obligated to pay her highest bid for one or both of the Assets. If the highest bidder for the Assets fails to perform according to the above terms, the Trustee will be authorized to accept the next highest bidder, and so forth, who will similarly be required to pay the Trustee by cashier's check, money order, or wire transfer to the estate's bank account within forty-eight (48) hours of the notification.

16. Highest bidders at the hearing on the Motion will be required to transport the Assets, at their own expense, from the Las Colinas ranch, within seven (7) days after payment of all applicable sums.

17. The overbidding aspect of the hearing is designed to ensure that parties interested in paying more for the Assets are given an opportunity to do so. Under the circumstances, the Trustee submits that the sale of the Assets on the terms outlined in this Motion is in the best interests of the estate and its creditors.

18. Finally, so that the proposed sale may be consummated as quickly as possible, the Trustee requests that the 14-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure be waived.

**WHEREFORE,** the Trustee, respectfully requests the Court enter an order authorizing the sale of the Assets: 1) pursuant to the terms of the Motion, or as otherwise ordered by the Court, subject to the above-described overbidding procedures, free and clear of liens, with liens of secured creditors attaching to the proceeds of sale; 2) on an "as is," "where is," basis, with no representations or warranties, express or implied; 3) with a waiver of the 14-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; 5) with the Trustee retaining as funds of the estate all net sale proceeds for subsequent distribution in accordance with the Bankruptcy Code and orders of the court; and 6) authorizing the Trustee to take such

///

///

further actions and execute such documents as are necessary to consummate the proposed sale.

Dated: September 3, 2010  HEFNER, STARK & MAROIS, LLP

By *Howard S. Nevins*
Howard S. Nevins, Attorneys for
SUSAN K. SMITH, Chapter 7 Trustee