FILED
December 28, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003981838

HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for
SUSAN K. SMITH,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>LUCY G. WHITTIER,<br><br>Debtor. | Case No. 08-31231-A-7<br>DC No.: HSM-039<br>Date: January 30, 2012<br>Time: 10:00 a.m.<br>Place: 501 I Street, 7th Flr.<br>Sacramento, CA<br>Dept. A, Ctrm. 28<br>Judge: Michael S. McManus |

### MOTION FOR TURNOVER OF ESTATE ASSETS TO TRUSTEE

SUSAN K. SMITH, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of LUCY G. WHITTIER ("Debtor"), Case No. 08-31231-A-7, files this Trustee's Motion for Turnover of Estate Assets to Trustee (the "Motion"). The Trustee moves this court for an order requiring the Law Offices of W. Steven Shumway ("Shumway"), attorneys of record for the Debtor herein, to turn over to the Trustee certain funds constituting property of this bankruptcy estate. In support of the Motion, the Trustee respectfully represents as follows:

1. The Debtor filed her voluntary petition under Chapter 11 of the Bankruptcy Code on August 12, 2008. Pre-petition, the Debtor operated a business involving the breeding, raising and selling of Arabian horses. The Debtor continued to operate her business as Debtor-in-Possession while the case was initially pending in Chapter 11.

2. On September 22, 2008, the Debtor filed her Application to Employ Shumway as her counsel (the "Application") (Docket No. 27). In the Application, prepared by Shumway, the Debtor states that she "has given no retainer to said attorney [Shumway]." Application at 2:28. While a declaration of Shumway was filed in support of the Application, there is no mention in that declaration regarding a retainer (or lack thereof) or of the $15,000.00 payment received by Shumway from the Debtor prior to the filing of this case. (Docket No. 28)

3. In her Statement of Financial Affairs filed in this case on September 9, 2008, the Debtor, in response to Question #9, "Payments related to debt counseling or bankruptcy," states that she paid Shumway $15,000.00 prior to the filing of her bankruptcy case, but does not list the date or dates of such payment(s). (Docket No. 17)

4. By order filed September 24, 2008, the court approved the Debtor's Application to Employ Shumway as her counsel. (Docket No. 31)

5. Despite the statement in the Application that Shumway would seek interim compensation throughout the case, he never did so.

6. The case was converted from a Chapter 11 case to one under Chapter 7 by order dated February 24, 2009. Thomas A. Aceituno ("Aceituno") was appointed Chapter 7 Trustee on February 25, 2009.

7. However, the case was reconverted to one under Chapter 11, and Aceituno removed as Trustee, by order dated March 24, 2009. (Docket No. 70)

8. Subsequently, the Trustee was appointed Chapter 11 Trustee in this case, effective March 25, 2009, by order dated March 27, 2009. (Docket No. 75)

9. The case was reconverted to one under Chapter 7 at the hearing held on June 22, 2009. The order converting this case was filed by the court on June 23, 2009 (Docket No. 136), and the Trustee was appointed as the Chapter 7 Trustee on June 26, 2009. (Docket No. 143)

10. Jurisdiction for the filing of the Motion exists pursuant to 28 U.S.C. Sections 157 and 1334; 11 U.S.C. Sections 105, 542(a), and the reference to this court by the District Court for the Eastern District of California.

11.  As part of her investigation in this case, the Trustee reviewed the Debtor's bank statement for the period ending August 31, 2008. From that statement, the Trustee determined that a deposit was made into the Debtor's account on August 6, 2008, in the amount of $400,000.00. The statement also evidences that on August 12, 2008, the Debtor wired $360,000.00 to Shumway.

12.  The Trustee subsequently learned that Shumway thereafter caused to be wired back to the Debtor the sum of $360,000.00, keeping $15,000.00 for the Debtor's case and an additional $15,000.00 for the related case filed by Shumway for Pilot Hill Holdings, LLC (Case No. 08-31606).

13.  Prior to the filing of this Motion, the Trustee and her counsel made repeated requests to Shumway to file a final compensation motion for himself and for Merrill Accountancy Corp. ("Merrill"), the accounting firm that, though never authorized to be employed, provided accounting and tax services to the Debtor for which it received unauthorized post-petition payments. The Trustee's efforts were to no avail.

14.  Thereafter, the Trustee made requests of Shumway to turn over to her the $15,000.00 payment (here called the "Retainer") he received from the Debtor for this case pre-petition. The Trustee's efforts were made over an extended period of time, both informally and more formally through, for example, a motion to set a bar date for the filing and hearing of administrative claims other than the Trustee's professionals.

15.  Unfortunately, Shumway either failed to respond to the Trustee's efforts, or failed to timely file and serve, and set for hearing, a motion for the allowance of any administrative claim he held or might have held in this case.

16.  As a result, the Trustee was forced to expend additional estate resources on a motion asking this court to set an administrative claims bar date. Shumway and Merrill were served with that motion and related pleadings and papers. No opposition was presented to the motion, and by order filed August 26, 2011, the court set September 30, 2011, as the deadline for parties such as Shumway and Merrill to file their administrative claims motions, and October 31, 2011, as the last date on which such motions could be set for hearing.

(Docket No. 481)

17. On October 3, 2011, past the court's September 30, 2011, deadline, Shumway filed a motion for allowance of compensation to his firm in this case. Through this motion, Shumway requested allowance of $41,242.50 in compensation, and $755.00 as costs, for the period from June 27, 2008, a date approximately 45 days before the commencement of this case, through and including October 4, 2010, a date approximately 17 months after the Trustee was first appointed herein. (Docket Nos. 499 and 502)

18. On October 3, 2011, also past the court's September 30, 2011, deadline, Shumway filed a motion for allowance of compensation for Merrill in this case. Through this motion, Merrill requested allowance of $4,060.12 in compensation for the period from September, 2008, through and including May, 2010. (Docket Nos. 494 and 497)

19. The hearings on the Shumway and Merrill compensation motions were set for October 24, 2011.

20. By emails between October 4, 2011, when counsel for the Trustee first informed Shumway of numerous defects and grounds for objections to the Shumway and Merrill compensation motions, and October 12, 2011, counsel for the Trustee attempted to resolve the compensation motions.

21. On October 13, 2011, Shumway filed a Notice of Withdrawal of the Merrill compensation motion. (Docket No. 506)

22. On October 18, 2011, Shumway filed a notice of continuance of the Shumway compensation motion, purporting the continue the motion to November 21, 2011. (Docket No. 510)

23. On October 18, 2011, having not yet received any assurance from Shumway that he would withdraw his firm's compensation motion, counsel for the Trustee filed a Preliminary Opposition / Objection thereto (Docket No. 508).

24. By order filed October 25, 2011, the court denied Shumway's compensation motion without prejudice (Docket No. 514). The court's Civil Minutes filed October 24, 2011, a true and correct copy of which are attached as Exhibit "A" to the Exhibits Cover Sheet filed with the

4

Motion, evidence the grounds for the court's denial of Shumway's compensation motion.

25. Shumway has never re-filed his compensation motion.

26. Thus, no orders approving compensation were ever obtained by Shumway and no employment or compensation was ever obtained for Merrill by Shumway as Shumway had promised.

27. Recently, on December 15, 2011, Shumway left a voice message for counsel for the Trustee assuring him that "a motion" would be filed no later than the next day, December 16, 2011. Shumway did not state in that message what the motion would request. Shumway has not yet returned the Trustee's counsel's return phone call that same day, December 15. Nor has the Trustee seen any recent motion filed by Shumway as represented on December 15, 2011.

28. Regardless of whether Shumway can ultimately persuade this court to award him any compensation, the fact remains that the Retainer is property of this estate which must be turned over to the Trustee to be administered as such.

29. Shumway has failed to provide the Trustee with any reason, legally sufficient or otherwise, that would permit him to maintain possession of the Retainer in this case. The Trustee never should have been forced to file this Motion, just as she never should have had to file the administrative claims bar date motion. The estate now has been burdened with the costs of both motions. In adjudicating this Motion or any motion filed by Shumway for compensation, the Trustee respectfully requests that these facts be considered.

**WHEREFORE**, the Trustee respectfully requests that this court enter an order requiring Shumway to immediately turn over to the Trustee the aforementioned retainer.

Dated: December 28, 2011

HEFNER, STARK & MAROIS, LLP

By _Howard S. Nevins_
Howard S. Nevins, Attorneys for
SUSAN K. SMITH, Chapter 7 Trustee

K:\Smith, Susan K\Whittier, Lucy G (6635-0014)\Mtn Turnover Retainer (HSM-039)\pldg mtn turnover.wpd